UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

KRISTIN KADLAC,

    Plaintiff,

v.

DEBSKI & ASSOCIATES, P.A.,

    Defendant.

_____/

CASE NO.: 20-cv-21809

**JURY DEMAND**

**COMPLAINT**

KRISTIN KADLAC (the "Plaintiff"), through undersigned counsel, brings this *Complaint* against DEBSKI & ASSOCIATES, P.A. ("Debski" or "Defendant") and states:

1. Plaintiff alleges that Debski violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue is proper in this district, because the "substantial part of the events or omissions giving rise to the claim occurred" in Miami-Dade County, Florida. Specifically, Defendant filed a lawsuit in Miami-Dade County, Florida against Kristin Kadlac and in doing so, violated the FDCPA.

**PARTIES**

4. Plaintiff, KRISTIN KADLAC, is a natural person, and citizen of the State of Florida, residing in Miami, Florida 33176-3408.

5. Upon information and belief, Debski's principal place of business is in Duval County, Florida, specifically located at 4417 Beach Boulevard, Suite 400, Jacksonville, Florida 32207.

6. Upon information and belief, Defendant is a law firm that specializes in "debt collection" lawsuits, and Debski and its attorneys file and prosecute thousands of credit card lawsuits against consumers in the State of Florida.

7. Debski is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in that the principal purpose of Debski's business is to collect unpaid consumer debt, and Debski regularly collects or attempts to collect debts owed to another, including but not limited to Citibank, N.A.

8. Debski uses "any instrumentality of interstate commerce or the mails" in furtherance of its business practices.

9. For all relevant times, Debski is vicariously liable for all of its owners, partners, employees, lawyers, agents, and independent contractors.

## FACTUAL ALLEGATIONS

10. "The FDCPA prohibits debt collectors from using 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Motes v. Midland Funding, LLC*, 233 F. Supp. 3d 1256 (N.D. Ala. 2017).

11. Defendant engaged in a pattern of conduct that was abusive and deceptive in violation of the FDCPA to collect a debt allegedly owed by Kristin Kadlac.

12. According to the allegations in the state court complaint and its attachments, it appears that Kristin Kadlac used a credit card for her own personal, family and household purposes.

13. After the alleged debt went into default, Citibank, N.A. hired Debski to collect the debt and commence a state court lawsuit.

14. On May 2, 2019, Debski commenced a state court lawsuit (Case No. 2019-010362-SP-23) against Kristin Kadlac. *See* Ex. A. (state court complaint).

15. This lawsuit was commenced in the "North District (23)," which is the North Dade Justice Center, located at 15555 Biscayne Blvd., North Miami Beach, Florida 33160.

16. The prosecution of the state court case in the North District (23) facilitated Debski's law practice but was inconvenient for Kristin Kadlac who does not live within the "judicial district" of the North District (23).

17. Upon information and belief, one of the reasons that Debski files all of its cases in the same "judicial district" is that Debski only needs to appear in one court, and this makes it easier and cheaper for Debski to obtain defaults and settlements against consumer debtors.

18. For instance, on May 2, 2019, the day that Debski filed the state court lawsuit against Kristin Kadlac, Debski filed a total of 22 lawsuits on behalf of Citibank, N.A., and all of these cases were filed in the North District (23). *See* Ex. B.

19. Pursuant to the Administrative Order No. 19-01 of the Eleventh Judicial Circuit, titled "In Re: Re-Establishment and Jurisdiction of County Court Districts," county courts within Miami-Dade County are divided by zip code. *See* Ex. C.

20. Plaintiff's resides in zip code 33176, which rests in the "South District (26)," and this court is located at the South Dade Government Center, 10710 Southwest 211th Street, Miami, Florida 33189.

21. As such, it would be more convenient and less of a burden for Kristin Kadlac, if Defendant filed suit in the South Dade Government Center (26) as opposed to the North District (23).

22. Further, Administrative Order No. 19-01 specifically granted Debski the option as to where to file the state court action, meaning that Debski specifically decided to place the state court action in an inconvenient venue for Kristin Kadlac, for its own benefit.

23. Specifically, Administrative Order 19-01 states:

"**Filing in County Court Districts**

(a) **Mandatory Filing:**

All actions for recovery of possession of property under Chapters 82 and 83 of the Florida Statutes; all actions for damages under Chapter 82 of the Florida Statutes and actions for the recovery of rent or rent security deposits in which the demand involved does not exceed Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees, shall be filed in the District in which the real property is located.

(b) **Optional Filing:**

Except as provided under subparagraph 3(a) above, **the venue for filing all other actions at law of a civil nature** in which the demand or value of property involved does not exceed Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees, **shall be controlled and determined, at the option of the plaintiff**, by Sections 47.011, 47.021, 47.041, 47.051, and 47.061 of the Florida Statutes." (emphasis added).

24. Accordingly, Defendant engaged in a course of conduct to harass and unduly burden Kristin Kadlac in violation of the FDCPA.

**COUNT ONE – COMMENCING A COLLECTION ACTION OUTSIDE A CONSUMER'S JUDICIAL DISTRICT IN VIOLATION OF 15 U.S.C. § 1692i**

25. Kristin Kadlac incorporates Paragraphs 1 through 24.

26. Pursuant to 15 U.S.C. § 1692i:

"(a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall—

4

> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the **judicial district** or similar legal entity—
>
>> (A) in which such consumer signed the contract sued upon; or
>>
>> **(B) in which such consumer resides at the commencement of the action.**" (emphasis added).

27. The "judicial district" in which Kristin Kadlac resides is the South Dade Government Center (26), and Defendant's voluntary decision to commence the State Court Action in the North District (23) is a violation of the venue provisions under the FDCPA.

28. As a direct and proximate result of the foregoing, Kristin Kadlac is entitled to an award of statutory damages, actual damages, and emotional damages against Debski.

**WHEREFORE**, Kristin Kadlac demands against Debski:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## JURY DEMAND

29. Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

30. WHEREFORE, Kristin Kadlac demands judgment against Debski on all causes for:

(a) Actual, Emotional, and Statutory Damages.

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

Dated: April 30, 2020                          Respectfully Submitted,

                                               */s/ Michael C. Lutfy*
                                               Michael C. Lutfy
                                               Fla. Bar No. 126339
                                               Lutfy Law Offices
                                               80 Southwest 8th Street, Suite 2000
                                               Miami, Florida 33130
                                               Tel.: (305) 812-2351
                                               Lutfy.Michael@gmail.com